

Marina Weahunt
PO Box 1741
Beverly Hills, CA 90213

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Marina Weahunt** | Case # 2:10-CV-2122 MCE KJM |
| Plaintiff, | |
| vs. | **PETITION FOR** |
| **Mortgageit, Inc** | **RESTRAINING ORDER** |
| Defendant | |

Date: _____

Comes now Marina Weahunt, hereinafter referred to as "Petitioner," and moves the court for relief as herein requested:

**PARTIES**

Petitioner is Marina Weahunt, PO Box 1741 Beverly Hills, CA 90213.

Currently Known Defendant(s) are/is: Mortgageit, Inc, 33 Maiden Lane, New York, NY 10038.

Plaintiff will suffer imminent and irreparable injury if defendant is not enjoined from foreclosing on the property owned by Plaintiff. Fed. R. Civ. P. 65(b)(1); *see Sampson v. Murray*, 415 U.S. 61, 88-89 & n.59, 94 S. Ct. 937, 951-52 & n.59 (1974).

There is no adequate remedy at law because once the foreclosure sale has taken place Plaintiff will suffer the complete loss of the property as defendant will sell the property to a third party who will have a right to possession without regard to the claims Plaintiff has against defendant. {*See N. Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306, 105 S. Ct. 459, 459 (1984); *Wilson v. Ill.*

*S. Ry. Co.*, 263 U.S. 574, 576-77, 44 S. Ct. 203, 203-04 (1924); *Winston v. Gen. Drivers, Warehousemen & Helpers Local Un. No. 89*, 879 F. Supp. 719, 725 (W.D. Ky. 1995.

There is a substantial likelihood that plaintiff will prevail on the merits. *Schiavo v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Plaintiff will be able to show that:

Defendant has no agency to represent the real party in interest;

- that the alleged real party in interest is unable to prove standing to foreclose against and sell the property;

- that the lender committed numerous acts, as listed above, that have the effect of rendering the contract, through which defendant claims authority, void and unenforceable.

The threatened harm to plaintiff outweighs the harm that a preliminary injunction would inflict on defendant. *Schiavo*, 403 F.3d at 1225-26. If defendant is temporarily restrained from selling the instant property, the defendant an plaintiff will be fit as if plaintiff is forced to vacate the property, the property will sit empty for the duration of the action. Plaintiff will suffer loss of the use of said property and will loose opportunity to maintain same and defendant will suffer loss by having to maintain an empty property that cannot be insured.

Issuance of a preliminary injunction would not adversely affect the public interest and public policy because there are already a great number of empty houses with the current residential foreclosure mess. Adding more will simply increase the burden on the local as it will create opportunity for vandalism and further other criminal activity.

Plaintiff is willing to post a bond in the amount the court deems appropriate.

The court should enter this preliminary injunction without notice to defendant because plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted before **defendant can be heard as defendants sale of the property has already taken place and eviction is imminent.** *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). If said sale is allowed to take place, Plaintiff will be irreparably harm

Plaintiff asks the court to set the request for a preliminary injunction for hearing at the earliest possible time.

## CONCLUSION

For these reasons, plaintiff asks the court to issue a temporary restraining order preventing defendant from foreclosing on the property.

## PRAYER

15. For these reasons, plaintiff asks that the court do the following:

   a. Defendant be prevented from evicting petitioner from the property until and unless defendant prevails in the current litigation.

   b. Enter judgment for plaintiff.

   c. Award costs of court.

   d. Grant any other relief it deems appropriate.

**Respectfully Submitted,**

**Marina Weahunt**

Marina Weahunt
PO Box 1741
Beverly Hills, CA 90213

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Marina Weahunt** | Case # _____ |
| Plaintiff, | |
| vs. | **MEMORANDUM IN SUPPORT OF** |
| **Mortgageit, Inc** | **REQUEST FOR TEMPORARY** |
| Defendant | **RESTRAINING ORDER** |

Date: _____

Plaintiff will suffer imminent and irreparable injury if defendant is not enjoined from foreclosing on the property owned by Plaintiff. *Fed. R. Civ. P. 65(b)(1); see Sampson v. Murray, 415 U.S. 61, 88-89 & n.59, 94 S. Ct. 937, 951-52 & n.59 (1974).*

Plaintiff requests a temporary restraining order which prevents the sale of his home pursuant to a non-judicial foreclosure proceeding. While Plaintiff accepts and understands that the court must be mindful of its obligation to promote comity between state and federal judicial bodies and should "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings" *Aaron v. Target Corp., 357 F. 3d 768 (8th Cir. 2004).* Courts use the doctrine developed in *Younger v. Harris, 401 U.S. 37 (1971),* to carry out this policy. Under Younger, a federal court should abstain from jurisdiction " when:

1. there is an ongoing state judicial proceeding which

2. implicates important state interests, and

3. that proceedings affords an adequate opportunity to raise the federal questions presented." *Narwood v. Dickey, 409 f.3d 901, 903 (8th cir 2005) (quoating Fuller v. Ulland, 76 F. 3d 957, 959 (8th Cir. 1996)*

In the instant case, none of the above in implicated as the foreclosure Plaintiff seeks protection from involves a non-judicial foreclosure and, therefore, no state judicial proceedings will be effected by the relief sought herein.

There is no adequate remedy at law because once the foreclosure sale has taken place Plaintiff will suffer the complete loss of the property as defendant will sell the property to a third party who will have a right to possession without regard to the claims Plaintiff has against defendant. {*See N. Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306, 105 S. Ct. 459, 459 (1984); *Wilson v. Ill. S. Ry. Co.*, 263 U.S. 574, 576-77, 44 S. Ct. 203, 203-04 (1924); *Winston v. Gen. Drivers, Warehousemen & Helpers Local Un. No. 89*, 879 F. Supp. 719, 725 (W.D. Ky. 1995.

Plaintiff is mindful of the standards set forth by *Dataphase Sys., Inc, v. C.L. Sys., 640 F2d 109 (8$^{th}$Cir. 1981), apply to Plaintiff's motion. In Dataphase,* the court, en banc, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

1. the threat of irreparable harm to the movant;
2. the state of balance between this harm and the injury that granting the injunction will inflict on the other parties litigant;
3. the probability that movant will succeed on the merits; and
4. the public interest.

There is a substantial likelihood that plaintiff will prevail on the merits. *Schiavo v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Plaintiff will be able to show that:

1. Defendant has no agency to represent the real party in interest;
2. **that the alleged real party in interest is unable to prove standing foreclose against the property;**
3. **that the lender committed numerous acts, as listed above, that have the effect of rendering the contract, through which defendant claims authority, void and unenforceable.**

The threatened harm to plaintiff outweighs the harm that a preliminary injunction would inflict on defendant. *Schiavo*, 403 F.3d at 1225-26. If defendant is temporarily restrained from selling the instant property, the defendant an plaintiff will be fit as if plaintiff is forced to vacate the property, the property will sit empty for the duration of the action. Plaintiff will suffer loss of the use of said property and will loose opportunity to maintain same and defendant will suffer loss by having to maintain an empty property that cannot be insured.

Issuance of a preliminary injunction would not adversely affect the public interest and public policy because there are already a great number of empty houses with the current residential foreclosure mess. Adding more will simply increase the burden on the local as it will create opportunity for vandalism and further other criminal activity.

Plaintiff is willing to post a bond in the amount the court deems appropriate.

The court should enter this preliminary injunction without notice to defendant because plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted before defendant can be heard as **defendant has foreclosed on petitioner's property, and eviction is imminent.** *First Tech.*

1  *Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). If said sale is allowed to
2  take place, Plaintiff will be irreparably harm

   Plaintiff asks the court to set the request for a preliminary injunction for
   hearing at the earliest possible time.

**Respectfully Submitted,**

*[signature]*

**Marina Weahunt**

Marina Weahunt
PO Box 1741
Beverly Hills, CA  90213

Defendants, in the action by Plaintiff in the instant motion for a temporary restraining order, initiated foreclosure actions against Plaintiff without demonstrating that:

- the alleged real party in interest, for whom defendant claimed to act as agent, is in fact a true party in interest in the promissory note alleged by defendant;.
- defendant is in fact a proper agent for the real party in interest to the alleged promissory note;
- that the real party in interest held a valid lien against the property;
- that defendants had complied with all relevant laws.

Plaintiff has no knowledge that defendant is a proper agent for the alleged real party in interest and has no knowledge that the entity claiming to be the real party in interest, has a valid claim against the property on which defendant is attempting to foreclose.

Defendant has reason to believe that, immediately after Plaintiff signed a promissory note and a lien document providing a lien against the property in question, the lender to whom the lien was granted, traded the promissory note to a third party.  In as much as the lien was not transferred to that same party, the lender still held a lien.  Plaintiff alleges that, the lender accepted consideration in exchange for the promissory note created by Plaintiff.  In as much as lender accepted the offered consideration, lender was compensated and could no longer be harmed by any failure on the part of Plaintiff to comply with the provisions of

Affidavit - 1

the promissory note, thus rendering the lien held by defendant unenforceable. Further, in as much as the purchaser of the promissory note accepted the note in exchange for consideration provided to the lender, the transaction, once completed left the purchaser with a claim against the signatory of the promissory note, but no claim against the property.

It is further alleged that the lender retained the lien document in furtherance of a scheme to hold the lien for three years then file an Internal Revenue Service Form 1099a and claim the full amount of the lien as abandoned funds so that lender could receive consideration a second time. Later, after receiving consideration on the transaction twice, transferred the void lien to some third party who would then attempt to express said lien.

It is the position of Plaintiff that:

- defendant has no claim against the property;

- even if such standing could be demonstrated, the purported agent for the principal has failed to properly demonstrate agency in the instant matter;

- even if such agency could be demonstrated, defendant has failed to abide by the provisions of the Serviceman's Civil Protection Act of 1940 and, thereby, is stopped by UCC 3-501 from further collections and has no standing to invoke the subject matter jurisdiction of the court

Respectfully,

_[signature]_

Marina Weahunt